UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROHAN DEO SHARMA,

      Plaintiff,

    v.

SAN MATEO COUTY SHERIFF'S
DEPARTMENT,

      Defendant.

Case No. 26-cv-00153-RFL

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

## INTRODUCTION

Rohan Deo Sharma a detainee at Santa Rita Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in forma pauperis*.  The complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A(a). The complaint is DISMISSED with leave to file an amended complaint on or before **February 27, 2026**.  Failure to file a proper amended complaint by that date, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit under Rule 41(b) for failure to prosecute.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1

seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Allegations**

Plaintiff alleges as follows: On February 15, 2024, he was arrested for trespassing and while being processed at the San Mateo County Jail, an unidentified deputy slammed him against the wall and battered and assaulted him, while another deputy watched. (Dkt. No. 1 at 2.) He was then denied medical attention. (*Id*. at 3.)

**C.      Analysis**

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (*pro se* allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under Section 1983). Excessive force claims that

2

arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. *See Graham*, 490 U.S. at 394-95.[1]

The Fourth Amendment also requires police officers to seek medical attention for a detainee who has been injured during detention. *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006); *Ostling v. City of Bainbridge Island*, 872 F. Supp. 2d 1117, 1129 (W.D. Wash. 2012). Courts analyze claims for failure to render post-arrest medical aid under the Fourth Amendment's reasonableness standard. *Ostling*, 872 F. Supp. 2d at 1129. But "[j]ust as the Fourth Amendment does not require a police officer to use the least intrusive method of arrest, neither does it require an officer to provide what hindsight reveals to be the most effective medical care for an arrested suspect." *Tatum*, 441 F.3d at 1098 (internal citation omitted). A police officer who promptly summons medical assistance acts reasonably under the Fourth Amendment. *Id*. at 1099.

The complaint is dismissed with leave to amend. Plaintiff does not identify any specific Defendants and provides few allegations. While he has sufficiently alleged he was subject to excessive force, he must identify the deputies by name.[2] With respect to the denial of medical attention, Plaintiff provides no details. In an amended complaint, he must identify who denied him medical care, what care was required, and why the denial of care was unreasonable based on the information available to the officer(s). Plaintiff should also indicate if this incident occurred before or after his arraignment.

**CONCLUSION**

The complaint is DISMISSED with leave to file an amended complaint on or before **February 27, 2026**. The amended complaint must include the caption and civil case number used in this order (26-0153 RFL (PR)) and the words FIRST AMENDED COMPLAINT on the

---

[1] It appears, though the Court is not certain, that the incident occurred immediately after Plaintiff's arrest and before his arraignment.

[2] Plaintiff may correspond with the San Mateo County Jail and use any applicable jail procedures to request copies of any reports, medical records, or other records maintained by jail officials that are relevant to the claims. He should also review his arrest paperwork to help identify the deputies.

3

first page.  The first amended complaint must also appear on this Court's form, a copy of which will be sent to him.  Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the Defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from any prior complaint by reference.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 26, 2026

RITA F. LIN
United States District Judge

4